IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | No. 1:17-CR-006-O |
| AMBER DAWN GAUCH<br>a/k/a Amber Dawn Webster<br>a/k/a Amber Dawn Moreno | |

## PLEA AGREEMENT

Amber Dawn Gauch, defendant, Charles Scarborough, defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: The defendant understands that she has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have her guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in her defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to Count Two of the Indictment, charging a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii); and 18 U.S.C. § 2, that is, Possession With Intent to Distribute 50 Grams and more, but less than 500 grams, of a mixture and substance

**Amber Dawn Gauch**
**Plea Agreement - Page 1**

containing a detectable amount of Methamphetamine, a Schedule II Controlled Substance. The defendant understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

    3.    **Sentence**:    The minimum and maximum penalties the Court can impose include:

- a. a term of imprisonment for a period of not less than five years nor more than 40 years. Notwithstanding any other provision of law, the Court shall not place on probation or suspend the sentence of any other person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein;

- b. a fine not to exceed $5,000,000.00;

- c. a term of supervised release of not less than four years nor more than life, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, she could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;

- d. a mandatory special assessment of $100.00;

- e. restitution to victims or to the community, which may be mandatory under the law; and which the defendant agrees will include restitution arising from all relevant conduct committed by the defendant, not limited to that arising from the offenses of conviction alone; and

- f. costs of incarceration and supervision.

    4.    **Court's sentencing discretion and role of the Guidelines**:    The defendant understands that the sentence in this case will be imposed by the Court after

**Amber Dawn Gauch**
**Plea Agreement - Page 2**

consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw her plea if her sentence is higher than expected.

The Government will not oppose the award of a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1, if appropriate. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court. The Government agrees that if the defendant meets all the requirements set forth in USSG §3E1.1, makes full and complete disclosure to the probation office and does nothing to obstruct justice, it will move, at sentencing, for the third point to be awarded.

5. **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: The defendant shall cooperate with the government by giving truthful and complete information and/or testimony concerning her participation in the offense of conviction and knowledge of criminal activities. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. The defendant fully understands that any financial

**Amber Dawn Gauch**
**Plea Agreement - Page 3**

obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. The defendant understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment. The defendant understands the above stipulations, agreements, and this recommendation do not bind the Court, and that she will not be allowed to withdraw her plea if the Court does not follow the recommendation. The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas, and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

8. **Violation of agreement**: The defendant understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the

**Amber Dawn Gauch**
**Plea Agreement - Page 4**

government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

9. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. She further waives her right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

**Amber Dawn Gauch**
**Plea Agreement - Page 5**

11. **Representation of counsel:** The defendant has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, the defendant has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 16th day of March, 2017.

JOHN R. PARKER
UNITED STATES ATTORNEY

*Juanita Fielden*
JUANITA FIELDEN
Assistant United States Attorney
Texas State Bar No. 06965600
341 Pine Street, Suite 2101
Abilene, Texas 79601
Telephone:   325-672-8160
Facsimile:    325-673-3139
Email:          Juanita.Fielden@usdoj.gov

*Juanita Fielden for*
JEFFREY HAAG
Deputy Criminal Chief

Amber Dawn Gauch
Plea Agreement - Page 6

_____
AMBER DAWN GAUCH
Defendant

_____
CHARLES SCARBOROUGH
Attorney for the Defendant

    I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.

_____      2-23-17
AMBER DAWN GAUCH            Date
Defendant

    I am the defendant's counsel.   I have carefully reviewed every part of this Plea Agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____      2-23-17
CHARLES SCARBOROUGH       Date
Attorney for Defendant